# IN THE COURT OF APPEALS OF IOWA

No. 22-0382
Filed April 27, 2022

IN THE INTEREST OF K.P.,
Minor Child,

S.S., Mother,
         Appellant.
_____

         Appeal from the Iowa District Court for Story County, Stephen A. Owen,

District Associate Judge.

         A mother appeals the juvenile court's denial of her motion for modification of

a child-in-need-of-assistance order. **AFFIRMED.**

         Shannon Leighty of the Public Defender's Office, Nevada, for appellant

mother.

         Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

         Kelly Grossman, Nevada, attorney and guardian ad litem for minor child.

         Considered by May, P.J., Schumacher, J., and Vogel, S.J.*

         *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**VOGEL, Senior Judge.**

The mother of K.P., born in 2005, appeals from the February 14, 2022 juvenile court order, which denied the mother's request for K.P. to be returned to her care.

K.P. was removed from her mother's care on September 8, 2021, on allegations the mother was "leaving her in the home alone, sending her to the store on errands alone, and allowing contact with a registered sex offender." K.P. has special physical and intellectual needs, and she is unable to self-protect. After the removal, K.P. was placed in a foster home, where she has remained.

On October 22, with the mother's stipulation, K.P. was adjudicated a child in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) (2021).[1] The adjudication was affirmed in the dispositional order of November 22, and services were continued.

The mother filed a motion for modification on January 27, 2022, requesting K.P. be returned to her care.[2]

---

[1] Under Iowa Code section 232.2(6)(c)(2), a "child in need of assistance" is a child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child."

[2] At that time, the foster mother requested K.P. be placed elsewhere. Because the only placement then available was a three-hour drive from the mother's residence, the mother requested K.P. be returned to her care. Since then, the foster mother has withdrawn her request for another placement and has agreed to keep K.P. in her care.

After a February 14 hearing, the juvenile court found the mother was no closer to the goal of reunification than when the case began, and the court denied the motion.

**I. Standard of Review**. We review CINA proceedings de novo. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). "As in all juvenile proceedings, our fundamental concern is the best interests of the child." *Id.*

**II. Modifying a Dispositional Order**

The court may modify a dispositional order in a juvenile proceeding if the proof satisfies Iowa Code section 232.103(4), which requires the juvenile court to find all of the following:

> a. The purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment.
> b. The purposes of the order cannot reasonably be accomplished.
> c. The efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available.
> d. The purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted.

Because K.P. was removed for her own safety, the juvenile court began its analysis of the current situation by stating: "This case exists to prevent the sexual abuse of [K.P.]. She has been abused in the past due to a lack of supervision by the mother."

As the November 12, 2021 Iowa Department of Human Services (DHS) report stated: "[The mother] has an extensive history with [DHS] for lack of supervision and denial of critical care. Due to her own low functioning abilities, she continues to struggle to understand safety for [K.P.] and providing her with

adequate supervision." The report listed seven separate founded incidents of child abuse with the mother as the perpetrator primarily for denial of critical care—failure to provide proper supervision. Other founded reports were of the mother's male companions who sexually abused K.P.

At the modification hearing, the mother testified she shares a two-bedroom apartment with two other people—a man and a woman. They lived with the mother for almost two months prior to the hearing. She claimed they were "safe people" for K.P. to be around because she ran an Internet check on each to see if they had criminal backgrounds. The mother admitted she has had "some slip-up in my judgments" as it pertained to prior roommates or persons she exposed K.P. to, but she claimed she can "trust full heartedly" her two new roommates. Therefore, the mother claims K.P. would be safe if returned to her care.

The mother has her own intellectual disabilities and concerns regarding her mental health, and she receives community services to assist with daily life skills. The mother attends mental-health therapy once every two weeks and a medication management appointment once every three months. But as the juvenile court found, "nothing in her testimony even remotely addressed how she has gained any better appreciation as to how to maintain [K.P.'s] safety than when the case began." The DHS worker testified that the mother has "taken a step back" from being aware and involved in K.P.'s needs and by missing important medical and progress appointments for K.P. Nonetheless, the goal of the CINA proceeding was to return K.P. to the mother's home.

K.P. has no ability to self-protect, and she needs round-the-clock supervision and assistance with her basic physical needs. We agree with the juvenile court that

the mother has not "demonstrated protective supervision" and that she "has not [met] any threshold showing under section 232.103, that the dispositional goal has been made or cannot be met." We therefore affirm the denial of the mother's motion for modification.

**AFFIRMED.**